**GTE DIRECTORIES CORPORATION, Appellant,**

v.

**J. Neal McKINNON, Appellee.**

**No. 2–86–130–CV.**

Court of Appeals of Texas, Fort Worth.

Aug. 5, 1987.

James A. Varon, Dallas, for appellant.

Elvin E. Tackett, Grapevine, for appellee.

Before FARRIS, KELTNER and LATTIMORE, JJ.

## OPINION

KELTNER, Justice.

This is an appeal from a declaratory judgment rendered in favor of Neal McKinnon interpreting the wording of a promissory note. The promissory note was part of an incentive program offered to GTE Directories Corporation (GTE/DC) employees during that company's move from Illinois to Texas.

We affirm.

The facts in this case are undisputed. McKinnon was hired by GTE/DC in January 1984 in Des Plaines, Illinois. Shortly thereafter, GTE finalized its plans for relocating in Texas. As part of its relocation strategy, GTE/DC offered a transfer incentive program for those employees who agreed to move to Texas.[1] The incentive program was contained in several documents including a "Group Move Relocation Policy," "Employee Transfer Agreement," and a "Promissory Note." As part of the overall policy, GTE agreed to provide management employees an interest-free incentive loan of up to one-third of their annual salary to a maximum of $25,-000.00. The loan was to be repaid over a ten-year period by payroll deductions. No payments would be due for two years and deductions would be made from the third to tenth year in bi-weekly installments. However, GTE/DC agreed to forgive fifty cents of the loan amount for each dollar paid

---

1. All Texans realize that no incentive plan was necessary. Anybody would be lucky to move from Illinois to Texas under any circumstances.

back by the employee. The only exception to this promise stated in the "Group Move Relocation Policy" stated:

> If, however, you terminate employment with GTE/DC, the full amount of the remaining balance will become due and payable immediately without forgiveness.

However, the actual "Promissory Note" contained slightly different language regarding termination. The promissory note issued to McKinnon was in the amount of $13,658.00. In regard to the termination, the note provided:

> If notice of my termination of employment with GTE/DC is given while any part of this loan is outstanding, then the entire outstanding loan amount shall become immediately due and payable upon such termination.

McKinnon accepted GTE/DC's offer and executed the promissory note mentioned above. After McKinnon had relocated in Texas, GTE/DC underwent a corporate reorganization. In the reorganization, his position was eliminated and as a result, he was terminated approximately one year after arriving in Texas.

McKinnon filed suit for a declaratory judgment seeking forgiveness for fifty cents upon repayment of each dollar on the promissory note, resulting in forgiveness of one-third of the face value of the promissory note together with interest. McKinnon also sought compensatory damages for expenses in sums lost in his move to Texas. GTE contested McKinnon's right to a declaratory judgment, the claim for damages, and counterclaimed for the full face value of the note plus interest.

The trial court granted the declaratory relief requested, awarded attorneys' fees to McKinnon, denied McKinnon damages on his cross claim and also denied GTE's counterclaim as being prematurely filed.

GTE/DC brings one point of error complaining that the trial court erred in interpreting the phrase, "notice of my termination" in the note.

We disagree.

In construing the promissory note, the court is to ascertain the true intention of the parties as expressed in the instrument. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). GTE/DC· contends that the provision in the note, "[i]f notice of my termination of employment with GTE/DC is given" is unambiguous and clear. As a result, GTE/DC contends that the trial court could not look outside the four corners of the instrument to ascertain the intent of the parties.

However, the law is well settled that where instruments pertain to the same transaction, they should be read together. *Jim Walter Homes, Inc. v. Schuenemann*, 668 S.W.2d 324, 327 (Tex.1984); *Jones v. Kelley*, 614 S.W.2d 95, 98 (Tex.1981); *Wasaff v. Lipscomb*, 713 S.W.2d 730, 732 (Tex. App.—Houston [14th Dist.] 1986, no writ). This is true even though the instruments were executed at different times and do not expressly refer to each other. *Board of Ins. Com'rs v. Great Southern Life Ins. Co.*, 150 Tex. 258, 239 S.W.2d 803, 809 (1951, reh'g denied,); *U.S. Life Title Co. v. Andreen*, 644 S.W.2d 185, 189–90 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.).

■ In the instant case, the "Employee Transfer Agreement" and the "Promissory Note" were executed as a result of the "Group Move Relocation Policy" which was offered to McKinnon by GTE/DC. As a result, the trial court could read these documents together to determine the intent of the parties. As stated above, the "Group Move Relocation Policy" contains a description of a loan that is the subject matter of the lawsuit. It addresses the exact problem that has arisen between the parties in this case and states that the termination referred to is the employee's termination with the company rather than the company's termination of the employee.

This description of the consequences of termination supports McKinnon's construction of the note and provides evidence of the intent of the parties.

■ Nonetheless, we do believe that the phrase "[i]f notice of my termination of employment with GTE/DC is given" is ambiguous. The court could look outside of

the original document to determine the intent of the parties. As stated above, the court has done so and in our view, has properly interpreted the intent of the parties.

GTE/DC urges us not to accept this interpretation of the document, contending that the trial court's interpretation of this provision renders other parts of the note meaningless. Our Supreme Court has held that we must consider the entire writing so that none of the provisions will be rendered meaningless by our interpretation of the phrase. *R & P Enterprises v. LaGuarta, Gavrel & Kirk*, 596 S.W.2d 517, 519 (Tex. 1980).

Specifically, GTE/DC argues that the phrase, "[i]f I remain an employee of GTE/DC during the entire time the loan is outstanding, then I will not have to repay any portion of the loan for 24 months," is meaningless given the interpretation by the trial court. We disagree.

The above quoted portion of the note provided for a delayed repayment if McKinnon remained an employee of GTE/DC and did not deal with the issue of termination that is before this court. In fact, the trial court did not deal with the issue of when the note was repayable.

■ McKinnon brings two cross points on appeal. In his first point, he requests this court to award damages against GTE/DC because this appeal was taken for purposes of delay. GTE/DC's brief is well researched and raises arguable points of error. We decline to rule that the appeal was taken for delay.

■ In his second point of error, McKinnon contends the trial court erred in refusing to grant him recovery of damages under the theory of equitable estoppel. However, McKinnon fails to provide this court with any authority for this proposition. As a result, we decline to address this contention.

Finding no error, the judgment of the trial court is affirmed.