**TRANS–CONTINENTAL FINANCE CORPORATION, Appellant,**

v.

**SUMMIT NATIONAL BANK, Appellee.**

**No. 2–88–101–CV.**

Court of Appeals of Texas,
Fort Worth.

Dec. 7, 1988.

---

1. Jeopardy does not attach as a result of the trial and judgment.

Don Busby, Busby & Associates, Temple, for appellant.

J. Craig Anderson, Shannon, Gracey, Ratliff & Miller, Fort Worth, for appellee.

Before FENDER, C.J., and FARRIS and KELTNER, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Trans–Continental Finance Corporation (Trans–Continental), allegedly defaulted on a promissory note owed to appellee, Summit National Bank (Summit). Summit brought suit on the note and filed a motion for summary judgment. The trial judge granted the motion and Trans–Continental appeals.

We affirm and assess damages for the appeal.

Summit originally brought suit to recover on two notes totaling $139,402.45 principal plus interest and attorney's fees. Later Summit amended its petition to recover $132,950.95 principal plus interest and attorney's fees on a single $165,000.00 note. Trans–Continental answered with a general denial. Summit filed a motion for summary judgment which was granted by the trial court. The trial judge rendered judgment in the amount of $132,950.95 plus interest and attorney's fees.

In its sole point of error, Trans–Continental argues that the granting of the summary judgment was improper as there was a genuine issue of material fact. By cross point Summit asks us to assess damages for delay under TEX.R.APP.P. 84.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the non-movant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery*

*v. Kennedy,* 669 S.W.2d 309, 311 (Tex. 1984); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

■ Attached to its motion for summary judgment, Summit filed two sworn affidavits. The first was of James L. Murray, an authorized agent of Summit. He swore that the bank was the holder of the note, that Trans–Continental executed the note, that Trans–Continental defaulted on the note, and that there was currently due and owing $132,950.95 principal (plus interest, costs and attorney's fees) on the note. He further swore that it was necessary to engage the services of an attorney to collect on the note and attached a copy of the note. The second sworn affidavit was of Summit's attorney and covered the reasonable fees necessary for collection. These facts include the necessary elements to recover in a suit on a note. *Clark v. Dedina,* 658 S.W.2d 293, 295–96 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd).

In its response to the summary judgment motion Trans–Continental attached an affidavit of Jack Munden, the sole stockholder and officer of Trans–Continental. He swore that he had viewed a list of credits provided by Summit that indicated at various times a principal balance greater than $132,950.95. Munden further swore that he had received a letter from Summit indicating a larger balance than alleged here, and that in another suit a representative of Summit alleged a larger balance on this note than Summit sought here. We note that all of these balances Munden alleged were from 1984 and 1985. He also swore

that "[he did] not believe all credits [had] been accounted for" on the note.

■ We find that Summit conclusively established an amount owing of $132,950.95 on the note. Its summary judgment proof was properly sworn to and presented facts as to the amount owing. Trans–Continental's proof merely showed at certain times it had owed more than the $132,950.95 that Summit was currently seeking. At no time does Trans–Continental's proof show that it owed less than the judgment amount. Further, Munden stated that he did not "believe all credits have been accounted for." The belief of an affiant is insufficient to defeat a summary judgment motion. Instead, the statements contained within the affidavit must be so direct and unequivocal that perjury can be assigned against the affiant if the statement is false. *See Burke v. Satterfield,* 525 S.W.2d 950, 955 (Tex.1975). Trans–Continental had no other evidence to show that there may have been additional credits to which it was entitled. Under these circumstances we find that there was no genuine issue of material fact and the granting of the motion for summary judgment was proper. The appellant's point of error is overruled.

In its cross point, Summit urges us to assess damages against Trans–Continental because the appeal was designed to delay or harass. *See* TEX.R.APP.P. 84. The applicable rule 84 reads in part:

In civil cases where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause, then the court may, as part of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant.

*Id.* Trans–Continental cites several cases in its supplemental brief for the proposition that damages should not be assessed unless there was a showing that appeal was taken for delay purposes and without sufficient grounds, *Aetna Casualty and Surety Company v. Curlee,* 416 S.W.2d 890 (Tex. Civ.App.—Fort Worth 1967, no writ), or that the record clearly shows that appellant

**578**

had no reasonable grounds to believe the judgment would be reversed. *Beago v. Ceres*, 619 S.W.2d 293 (Tex.Civ.App.— Houston [1st Dist.] 1981, no writ).

In *GTE Directories Corp. v. McKinnon*, 734 S.W.2d 429 (Tex.App.— Fort Worth 1987, no writ) this court held that sanctions would not be granted on appeal if the appellant's brief was well researched and presented arguable points of error. *Id.* at 432. Here we find appellant's brief to be merely a synopsis of summary judgment law with little or no application to the specific facts of the present case. Further, we find the point of error to be without merit and not even arguable. We believe an intent to delay is demonstrated in a case like this when no evidence is presented as to credits allegedly owed on a note at the trial level and an appeal is taken on this ground. The sole purpose for such an appeal can only be to delay the collection of money owed. We find damages of $5,000.00 to be appropriate under rule 84. Appellee's cross point is granted to this extent.

The judgment of the trial court is affirmed and the appellant is ordered to pay an additional $5,000.00 damages in this appeal.