Lewis Earl REYNA, Appellant,

v.

STATE NATIONAL BANK OF IOWA
PARK and Gene Jordan, Substitute
Trustee, Appellees.

No. 2–95–037–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 22, 1995.

Rehearing Overruled Dec. 28, 1995.

Joe E. Shaddock, Wichita Falls, for Appellant.

Billy T. Elder, Fudge & Elder, Burkburnett, for Appellees.

Before LIVINGSTON, BRIGHAM and HOLMAN, JJ.

## OPINION

BRIGHAM, Justice.

Lewis Earl Reyna appeals a judgment for State National Bank of Iowa Park and Gene Jordan after Reyna sued for fraud, violations of the Deceptive Trade Practices Act, bad faith, and wrongful foreclosure. Although Reyna brings fifteen points of error, we find

his arguments are without merit and we affirm the judgment of the trial court.

## BACKGROUND

Reyna was a partner in Reyna Construction Company. His brother Ernest Reyna and their father Robert Reyna were the other two partners in the business. Reyna Construction did business with State National Bank. When Robert Reyna died in 1990, Reyna Construction still had several outstanding loans with State National. On October 31, 1990, Reyna signed a Renewal and Extension and/or Modification of Loans to consolidate five existing partnership loans with State National. The notes were in default, and when Reyna signed the extension contract, he agreed that the first installment would be due on December 1, 1990.

Reyna missed the first payment and asked State National for permission to sell some equipment to make the payment. State National initially refused but finally gave permission in late December for Reyna to sell a truck and apply the proceeds to the note. When Reyna missed the January 1, 1991, payment, State National sent a ten-day notice of intent to accelerate the notes. Reyna mailed in a payment, but the bank accelerated the notes anyway. State National then posted foreclosure of Reyna's house at 4311 Edgehill.

Reyna sued the bank, contending that he had been led to believe State National would forbear payments and work with him through the winter if he agreed to take all of Reyna Construction's assets in his name. He asserted that he had assumed all notes to the bank at a time when there was no way for the construction business to make any payments. The bank counterclaimed for payment of the notes.

## POINTS OF ERROR ONE THROUGH FIVE

In his first five points of error, Reyna complains: (1) the trial court erred in overruling his Motion for Mistrial and in awarding judgment on State National's counterclaim on the notes because at least two-thirds of the debt should have been canceled; (2) the trial court erred in granting State National's Motion to Disregard Jury Verdict and in rendering judgment against Reyna on a transaction the jury found "unconscionable" and "fraudulent"; (3) the trial court erred in awarding judgment on State National's counterclaim because Reyna was entitled to receive costs and attorney's fees without setoff; (4) the trial court erred in awarding judgment on State National's counterclaim because Reyna's damages should have been trebled with prejudgment interest added before being offset by State National's claim; and (5) the trial court erred in awarding prejudgment interest on State National's counterclaim because the court denied any prejudgment interest to Reyna.

Reyna asserts that the jury found that State National and Jordan acted unconscionably and fraudulently toward him. He then claims that the extension and notes should have been canceled, citing *Bal–Fel, Inc. v. Boyd,* 503 S.W.2d 673, 677 (Tex.App.—Austin 1973, no writ) for the proposition that fraud vitiates the transaction. He contends that cancellation is necessary to make him whole under these facts and says that if the debt were canceled, he could accept what he considers an insufficient damage award. Reyna never disputes State National's contention that the construction business received the money specified in the notes and that he retains possession of the collateral securing the notes. He therefore fails to explain the necessity of rescission in an instance such as this, where his company received the benefit of loans and where the gravamen of his complaint is that the modification was not handled fairly.

Reyna also maintains that the trial court miscalculated the prejudgment interest and offered no explanation for the variance between the money owed and the number of days each loan was in default. He claims that because he was not told how much was owed on the notes and because the amount due was in dispute, the trial court could not as a matter of law find the note balances or the interest due.

We note that the jury specifically answered "no" when asked whether Jordan *knowingly* engaged in any false, misleading, or deceptive act or practice. We also note that the jury specifically answered "no" when asked whether State National or Jordan

committed *fraud.* Reyna overstates his argument in claiming fraud. He also overstates his case in asserting that the jury found State National and/or Jordan had acted unconscionably, because the jury was not asked to specify whether any unconscionable action led them to answer their first question in the affirmative. Thus, we disagree with Reyna's contention that the extension and notes should have been canceled due to fraud.

 State National claims that Reyna "wants far more than to be made whole" by seeking to cancel the extension and modification of loans while retaining the money initially advanced to Reyna Construction. Because Reyna has refused to repay the loans and has refused to surrender the collateral for the notes, he is not entitled to rescission. *Boyter v. MCR Constr. Co.,* 673 S.W.2d 938, 941 (Tex.App.—Dallas 1984, writ ref'd. n.r.e.). A party seeking rescission must return the property received and the value of any benefit derived from its possession. *Carrow v. Bayliner Marine Corp.,* 781 S.W.2d 691, 696 (Tex.App.—Austin 1989, no writ). Thus, it was not error for the trial court to award judgment on State National's counterclaim and render judgment against Reyna. Points of error one and two are overruled. Because Reyna was not entitled to rescission of the notes, the trial court properly awarded judgment on State National's counterclaim against him. Point of error three is overruled. Additionally, because the jury found that the misrepresentation made by State National and/or Jordan was negligent and specifically rejected his fraud claim, Reyna was not entitled to a trebling of damages. Point of error four is overruled.

As to Reyna's argument in point of error five, we disagree with his assertion that the "trial court's award ... was erroneous in that the Bank was awarded prejudgment interest ... while [Reyna] was denied all prejudgment interest...." Our reading of the Modified Judgment demonstrates that the trial court added prejudgment interest to the damages on Reyna's claim against State National. Additionally, we agree with the

bank's contention that the trial court did not determine the principal owed by Reyna to the bank as a "matter of law." The judgment incorporated the jury's findings to questions 16 and 17 (Reyna's damages for wrongful foreclosure and Reyna's indebtedness to State National, respectively) and then calculated the prejudgment interest. Point of error five is overruled.

### POINT OF ERROR SIX

Reyna next complains that the trial court erred in awarding State National $9,679.81 for ad valorem taxes because there was no pleading or jury finding to support the award. We note that State National's Third Amended Counterclaim alleged default of the terms of indebtedness owed by Reyna and that the notes, security agreements, and deed of trust required Reyna to pay all taxes on the property. Jordan testified that the taxes had not been paid and that Reyna's failure to do so was a default under the deed of trust. Thus, not only was this issue raised by State National's pleadings, Reyna never offered any evidence contradicting Jordan's assertion; thus, no jury question was required. Point of error six is overruled.

### POINTS OF ERROR SEVEN AND TEN

 Reyna complains the trial court erred in finding the balance due on State National's notes because this was a question of fact waived by the bank's submission of an improper jury question (point of error seven) and that the trial court erred in overruling Reyna's amended Motion for New Trial because there was no or insufficient evidence to support the jury finding regarding the amount due on the notes in question (point of error ten). Reyna avers that the trial court disregarded the jury's answer to question 17[1] and substituted its own interest calculations in arriving at the amount awarded to the bank before any offset. He adds an assertion that "[e]xcept for the Bank's unconscionable actions [he], would not be liable or at least not solely liable, for the Bank's excessive interest charges."

---

1. In Question 17, the jury determined the amount of money owed by Reyna to the bank on each of the five notes.

Again, Reyna misconstrues the actions of the trial court. We note that the trial court adopted the jury's findings of indebtedness as to the amounts of each of the five notes included in the modification agreement. The trial court only "disregarded" the jury's clearly erroneous findings of zero prejudgment interest due on each of the five notes. The trial court's calculation of interest based upon the jury finding of the principal due was proper. Point of error seven is overruled.

■■■ In determining a "no evidence" point, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992); *Orozco v. Sander*, 824 S.W.2d 555, 556 (Tex.1992); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is more than a scintilla of such evidence to support the finding, the claim is sufficient as a matter of law, and any challenges go merely to the weight to be accorded the evidence. *Browning–Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex.1993).

■■■ We will sustain a "no evidence" point of error only when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Juliette Fowler Homes, Inc. v. Welch Assoc., Inc.*, 793 S.W.2d 660, 666 n. 9 (Tex. 1990); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361 (1960). There is some evidence when the proof supplies a reasonable basis on which reasonable minds may reach different conclusions about the existence of the vital fact. *Orozco*, 824 S.W.2d at 556.

■■■ An assertion that the evidence is "insufficient" to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered. *Garza v.*

*Alviar*, 395 S.W.2d 821, 823 (Tex.1965). We are required to consider all of the evidence in the case in making this determination. *Jaffe Aircraft Corp. v. Carr*, 867 S.W.2d 27, 29 (Tex.1993).

■■■ Jordan and Michelle Wells, a loan teller at State National, testified as to the balances owed by Reyna to State National. The notes and loan histories were admitted into evidence through their testimony. Thus, we reject Reyna's contention that there was no or alternatively insufficient evidence to support the jury's answers to question 17. Additionally, we note that as a partner in Reyna Construction, Reyna was already jointly and severally liable for all five of the notes. *See* Tex.Rev.Civ.Stat.Ann. art. 6132b, § 15(1) (Vernon Supp.1995). Points of error seven and ten are overruled.

## POINT OF ERROR EIGHT

■■■ Reyna complains that the trial court erred in failing to award him the greatest relief possible under his theories of recovery and set aside the foreclosure because it was undisputed that State National did not send the twenty-day notice required by law and that the jury found that the Edgehill property foreclosed upon was Reyna's residence. He contends that the foreclosure was void and the trial court's attempt to vest title retroactively is also void.

It is undisputed that State National failed to send the twenty-day foreclosure notice required by the Texas Property Code. Tex. Prop.Code Ann. § 51.002 (Vernon 1995). The jury found that $58,000.00 would fairly compensate Reyna for the wrongful foreclosure. But, the trial court recited in its Modified Judgment that Reyna has retained full possession of the residence rent-free since the date of foreclosure through the date of judgment. It held that the proper measure of damages for wrongful foreclosure is the difference between the fair market value of the land at the time of foreclosure and the actual foreclosure sale price.

Reyna cannot bring an action for damages for wrongful foreclosure and an action for rescission of the foreclosure sale. *Jasper Fed. Sav. & Loan Ass'n v. Reddell*, 730

S.W.2d 672, 674 (Tex.1987); *University Sav. Ass'n v. Springwoods Shopping Center,* 644 S.W.2d 705, 706 (Tex.1982). Point of error eight is overruled.

### POINT OF ERROR NINE

█ Reyna complains that the trial court failed to award a judgment against co-defendant Jordan. He notes that he sued the bank and Jordan and sought judgment jointly and severally against both defendants. Reyna alleges that the trial court refused to give him a judgment, even for costs and attorney fees, against Jordan.

Reyna has already received full credit against his indebtedness from State National. Double recovery is never proper. *Fenley v. Ogletree,* 277 S.W.2d 135, 149 (Tex.Civ. App.—Beaumont 1955, writ ref'd. n.r.e.). Joint and several liability does not authorize payment of the same judgment twice. *Id.* If we sustained Reyna's ninth point of error, we would be flouting precedent. Point of error nine is overruled.

### POINT OF ERROR ELEVEN

Reyna avers in this point of error that the trial court erred in overruling his Amended Motion for New Trial and Motion for Mistrial because the evidence proved that the bank required him to assume his brother's and mother's interest in the five notes in question. He begins his argument by focusing on a personal debt owed to the bank by Ernest Reyna in the amount of $9,657.00[2] for an automobile, but then mistakenly refers to this personal loan to Ernest as being for $9,017.70, the amount of the third of five notes listed in the modification and extension agreement.

It is impossible to determine if the gravamen of Reyna's complaint is that the trial court, in its modified judgment, struck the jury's affirmative answer to special issue number 12 and ruled that "ERNEST REYNA had only one Note that could have been assumed by [Reyna] and that was [the personal note] in the amount of $1,405.38, and not $9,017.70." Reyna's point of error is neither worded nor argued so as to direct our attention to the nature of his complaint.

See Tex.R.App.P. 74(d). Point of error eleven is overruled.

### POINTS OF ERROR TWELVE AND FIFTEEN

In his twelfth point of error, Reyna argues that the trial court erred in overruling his Amended Motion for New Trial and Motion for Mistrial because the evidence proves as a matter of law, or alternatively the great weight and preponderance of the evidence proves, that the damages awarded to him were insufficient. In point of error fifteen, he claims that the trial court erred in overruling his Motion for New Trial because the great weight and preponderance of the evidence supports a finding that he is entitled to some amount of exemplary damages for the acts of fraud found by the jury.

█ If an appellant is attacking the legal sufficiency of an adverse answer to a finding on which he had the burden of proof, the Texas Supreme Court has stated that the appellant must, as a matter of law, overcome two hurdles. *Victoria Bank & Trust Co. v. Brady,* 811 S.W.2d 931, 940 (Tex.1991). First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. Second, if there is no evidence to support the fact finder's answer, then the entire record must be examined to see if the contrary proposition is established as a matter of law. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex. 1989).

█ The jury awarded Reyna $2,964.98 in interest from July 26, 1990 through October 31, 1990, to compensate for finding in question 1 that the bank and/or Jordan had engaged in a "[f]alse, misleading or deceptive act or practice." It further awarded $1,287.19 for negligent misrepresentation. The trial court reduced the jury's award of $9,017.70 to $1,405.38 on Reyna's "assumption" of his brother's debt and also reduced the $58,000.00 awarded by the jury on the wrongful foreclosure claim.

The evidence shows that Reyna was a partner in Reyna Construction and was therefore liable on the notes when they were

---

**2.** The $9,657.00 was later paid down, leaving a balance of $1,405.38.

first signed. Although the jury found that State National and/or Jordan had committed negligent misrepresentations, it rejected Reyna's contention that the defendants had acted fraudulently. We cannot determine how the jury arrived at the figures of $2,964.98 and $1,287.19, but we find the evidence supports such a finding on the deception and misrepresentation claims. We remind Reyna that *even though* the jury determined that the bank or Jordan may have been deceptive or negligent in executing the modification, Reyna, as a partner, was still responsible for Reyna Construction's debt.

The trial court properly amended the jury's answer to question 12, which determined the amount of his brother's debt Reyna was forced to assume. The trier of fact made the same mistake Reyna has in his brief in confusing the company's $9,017.70 note with Ernest Reyna's loan of $9,657.00, which was later paid down to $1,405.38. Thus, there is support in the record for such a reduction. Finally, the trial court properly forced Reyna to elect a remedy on the wrongful foreclosure claim. Reyna seeks a windfall in arguing that his award should have been greater than $58,000.00 in light of his continued possession and use of the property without reimbursement. We find, then, that there is support in the record for the jury's finding. Additionally, even though Reyna asserted that he lost the construction business, which he valued at $125,000.00, the jury could properly reject such a contention in light of Reyna's initial liability on the partnership debts. We conclude that the great weight and preponderance of the evidence did not prove, nor does the record establish as a matter of law, that Reyna was entitled to greater damages. Point of error twelve is overruled.

■ As to Reyna's complaint that he should have received exemplary damages, we remind him that the jury specifically rejected his fraud claim. Reyna argues that he should have been entitled to more money, but he offers neither record references nor authority to bolster his contention that the jury's finding on the issue of *fraud* was against the great weight and preponderance of the evidence. TEX.R.APP.P. 74(d). Point of error fifteen is overruled.

## POINT OF ERROR THIRTEEN

Reyna argues that the trial court erred in refusing to submit his requested theory of bad faith because the question was submitted in substantially correct form and the question was supported by the evidence. Reyna insists that a special relationship existed with the bank that was based on Reyna Construction's history with the bank, friendships that had been formed with bank officers, and construction work that Reyna Construction had done for the bank and some of its officers.

Reyna claims that the bank misused this special relationship tying all the notes together so that all the collateral would be used to secure all the notes, refusing to write credit life insurance on Robert Reyna when the business notes were renewed, causing payroll checks to bounce when debiting the business account, and requiring Reyna to "assume the debts of his brother and mother."

■ Texas courts have not yet recognized a cause of action for bad faith against a lender by a debtor. *See Federal Deposit Ins. Corp. v. Coleman,* 795 S.W.2d 706, 708–09 (Tex.1990); *Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex.1962); *Crutcher v. Continental Nat'l Bank,* 884 S.W.2d 884 (Tex.App.—El Paso 1994, writ denied); *Victoria Bank & Trust Co. v. Brady,* 779 S.W.2d 893, 902 (Tex.App.—Corpus Christi 1989), *aff'd in part, and rev'd in part on other grounds,* 811 S.W.2d 931 (Tex.1991). We decline to do so now. As a result, the trial court properly refused to submit the bad faith theory to the jury. Point of error thirteen is overruled.

## POINT OF ERROR FOURTEEN

■ Finally, Reyna complains that the trial court erred in refusing to submit his requested issues on the bank's misrepresentation that credit life insurance on the notes was not obtainable. Reyna claims the question was submitted in substantially correct form and supported by the pleadings and evidence.

The only evidence of any refusal to write credit life insurance was after Robert Reyna was diagnosed with cancer. All of the testi-

mony regarding such a policy indicates that Robert Reyna's condition made him uninsurable. Reyna does not cite any record references to the contrary, and we fail to see how the bank's refusal to write credit life insurance because it could not constitutes misrepresentation. Point of error fourteen is overruled.

## CROSS–POINTS ONE AND TWO

State National, in two cross-points, contends that the trial court erred in overruling its Motion for Judgment Notwithstanding the Verdict because there is no or insufficient evidence to support the jury's answer to question 16 awarding $58,000.00 in damages for the wrongful foreclosure of the Edgehill property. State National claims that the proper measure of damages for wrongful foreclosure is the difference between the value of the property in question at the time of the foreclosure and the remaining balance of indebtedness. State National then asserts that the fair market value of the property was $80,000.00, based upon Reyna's testimony and the mortgage indebtedness owed was $64,390.94, which leaves a net of $15,609.06. State National asks that we reform the judgment by reducing Reyna's damages accordingly.

Although State National has provided a formula for calculation of wrongful foreclosure damages, this issue was presented for the first time on appeal. We are unable to reform the judgment. Cross-points one and two are overruled.

## CROSS–POINT THREE

State National, in its final cross-point, asks us to assess a ten percent penalty under TEX.R.APP.P. 84 against Reyna for filing this appeal, which State National asserts was filed without sufficient cause, is frivolous, and was filed only for delay.

Rule 84 authorizes us to award the prevailing appellee an amount not to exceed ten times the total taxable costs as damages against an appellant if we determine that an appeal has been taken for delay and without sufficient cause. Delay damages should only be applied with prudence, caution, and after careful deliberation. *Masterson v. Hogue,* 842 S.W.2d 696, 699 (Tex. App.—Tyler 1992, no writ). In making find-

ings as to whether an appeal has been taken for delay and without sufficient cause, we must review the case from the advocate's point of view and determine whether the advocate had reasonable grounds to believe the case would be reversed. *Jones v. Colley,* 820 S.W.2d 863, 867 (Tex.App.—Texarkana 1991, writ denied). We have previously held that sanctions would not be granted on appeal if the appellant's brief was well-researched and presented arguable points of error. *Trans–Continental Fin. Corp. v. Summit Nat'l Bank,* 761 S.W.2d 575, 578 (Tex.App.—Fort Worth 1988, no writ) (citing *GTE Directories Corp. v. McKinnon,* 734 S.W.2d 429, 432 (Tex.App.—Fort Worth 1987, no writ). Although the law against Reyna's points of error is well-settled, the issues before the jury were complex. Certainly the trial court had to modify the judgment after review of the jury's findings. Cross-point three is overruled.

The judgment of the trial court is affirmed, and all costs of this appeal are to be charged against Reyna.