Opinion issued June 30, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00553-CV

———————————

Carlos Morales, Appellant

V.

JP Morgan
Chase Bank, N.A.,
Appellee



 



 

On Appeal from the County Court at Law Number 2 

Montgomery County, Texas[1]



Trial Court Case No. 09-09-08967-CV

 



 

MEMORANDUM OPINION

This is an
appeal from a summary judgment on a suit on a sworn account.  We affirm. 

BACKGROUND

On September 16, 2009, Plaintiff/Appellee
JP Morgan Chase Bank, N.A. (“Chase”) sued Defendant/Appellant Carlos Morales,
alleging he had defaulted on a note.  The
note was secured by a 2001 Ford Explorer, which Chase repossessed and
sold.  In the underlying suit, Chase
sought the deficiency from the sale, as well as interest and attorney’s
fees.    

Chase’s petition was accompanied by
a copy of the contract and an affidavit proving it up as a suit on a sworn
account for liquidated damages under Texas Rule of Civil Procedure 185.  In response, on October 19, 2009, appellant sent
a letter to the court explaining that he purchased the vehicle for his daughter
who was supposed to make the payments, that she ran into financial problems and
that appellant did not have funds to pay the amount now due.    

On February 10, 2010, the court
issued a scheduling order setting a trial date of August 9, 2010.  On February 15, 2010, Chase served requests
for admissions on appellant.  Appellant
did not respond to these requests, so they were deemed admitted.  Tex.
R. Civ. P. 198.2(c).    

A.   Chase’s Summary Judgment Motion

On March 23, 2010, Chase filed a
motion for summary judgment, asserting three independent grounds: (1) that
appellant’s deemed admissions establish its right to summary judgment as a
matter of law, (2) that the “pleadings, affidavits, and exhibits filed herein
show that there is no genuine issue as to any material fact between the
parties,” and (3) that summary judgment is supported by three attached
affidavits supporting Chase’s claim for damages and attorney’s fees.  Four exhibits were attached as evidence: 

Exhibit A – deemed
admissions  

Exhibit B – affidavit
by Mike Konrath, Assistant Vice President of JP Morgan Chase Bank, N.A., stating
(1) Chase advanced credit to appellant for the account “as fully set forth in
the statement or documents attached,” (2) “numerous statements . . . were sent
to [appellant] showing the balance due and requesting payment,” (3) appellant
owes “$11,033.99 after all lawful offsets and credits,” and that (4) Konrath
has “care, control and custody” of the true and correct attached records kept
in the ordinary course of business related to the extension of credit[2] 

Exhibit C –
affidavit by James A. West, attorney, averring that all facts in the summary
judgment motion are true, and that he made a demand for payment at least 30
days before filing a motion for summary judgment, which did not result in
payment by appellant. 

Exhibit D –
affidavit by James A. West, attorney, proving up “usual and customary fees for
services rendered and for services reasonably necessary [of] . . .
$2,983.50”  

B.  
Appellant’s
Amended Answer, Motion to Strike Deemed Admissions, and Response to Chase’s Motion
for Summary Judgment.

On April 13, 2010, appellant filed an amended answer that included (1) a general denial, (2) a verified
denial of suit on sworn account, (3) a pleading of the affirmative defense of limitations,
(4) a request to strike deemed admissions, and (5) special exceptions.  On the same day, appellant filed a response
to Chase’s motion for summary judgment. 
Appellant argued that (1) his deemed admissions could not be considered
grounds for summary judgment because they should be withdrawn, (2) Konrath’s
affidavit cannot support summary judgment because it is not clear how Konrath
obtained personal knowledge, (3) Chase should be required to show proof that
appellant’s debt was transferred from Chase Manhattan Bank USA N.A., the original
maker, to Chase, the plaintiff in this suit, and (4) West’s attorney’s fees
affidavit should not be accepted as evidence of a reasonable attorney’s fee
without a detailed description of the type of work done and the time needed to
complete that work.  

C.   The
Trial Court’s Judgment and Appellant’s Motion for New Trial

On April 26, 2010, the trial court granted Chase’s motion for summary
judgment—without specifying the
grounds—and entered a final judgment
in Chase’s favor.  On May 14, 2010,
appellant filed a motion for new trial, arguing the trial court erred by not
granting his motion to strike deemed admissions. 

D.   This appeal

 Appellant
appeals here, in four issues, arguing that the trial court (1) “err[ed] in
granting summary judgment on the basis of an initially defective answer,” (2)
“err[ed] in granting summary judgment based on deemed admissions that either
should have been withdrawn or were invalid legal conclusions,” (3) “err[ed] in
granting summary judgment based on an affidavit that is substantively defective,”
and (4) “err[ed] in granting summary judgment when Chase had failed to meet its
burden of proof on an affirmative defense.”    


Standard of Review

Chase filed a traditional motion
for summary judgment. See Tex. R. Civ. P. 166a(c).  Under the traditional standard for summary
judgment, a movant has the burden to show that no genuine issue of material
fact exists and that the trial court should grant judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); KPMG Peat Marwick
v. Harrison Cnty. Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). We
view all evidence in a light favorable to the nonmovant and indulge every
reasonable inference in the nonmovant’s favor.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  When, as here, a trial court’s order granting
summary judgment does not specify the ground relied upon, we affirm the summary
judgment if any of the summary judgment grounds is meritorious. FM Props. Operating Co. v. City of Austin,
22 S.W.3d 868, 872–73 (Tex. 2000).

ANALYSIS

Chase argues that there are four
independent bases for upholding the court’s summary judgment: (1) appellant
never properly filed a sworn denial; (2) appellant’s deemed admissions
supported each element of the summary judgment; (3) the Konrath affidavit
supports summary judgment; and (4) appellant never properly raised an
affirmative defense that would shift the burden to Chase.  

Because we agree with Chase’s last
two contentions, we need not reach the issues of (1) whether appellant filed a
proper sworn denial, or (2) whether the trial court abused its discretion by not
striking appellant’s deemed admissions.  

A.   Konrath’s Affidavit  

“To collect on a promissory note as
a matter of law, the holder or payee need only establish that (1) there is a
note; (2) he is the legal owner and holder of the note; (3) the defendant is
the maker of the note; and (4) a certain balance is due and owing on the note.”
Blankenship v. Robins, 899 S.W.2d
236, 238 (Tex. App.—Houston [14th Dist.] 1994, no pet.)  “When summary judgment proof establishes the
above facts, the holder of the note is entitled to recover, unless the maker
establishes a defense.” Id.  

In his third issue, appellant
argues that Konrath’s affidavit cannot support the trial court’s summary
judgment because (1) “it was not properly identified as evidence of liability,”
and (2) “it was conclusory.”   Konrath’s
affidavit states:

1.       “My name is MIKE KONRATH, I am the ASSISTANT VICE PRESIDENT of
JP MORGAN CHASE BANK, N.A., the Plaintiff herein.  I am authorized to make this Affidavit and
have personal knowledge of the facts stated herein.  I am over 18 years of age and competent to
give testimony.  I have never been convicted
of a felony or crime of moral turpitude and I am not disqualified from giving
testimony in this matter now pending before the court.”

2.       “That the Plaintiff advanced credit to the or for the
Defendant, CARLOS MORALES, for account number 10222120223605 as fully set forth
in the statement or documents attached hereto.”

3.       “That numerous statements of account were sent to the
Defendant showing the balance due and requesting payment.”  

4.       “That the Defendant failed and refused to pay the account, and
is indebted to Plaintiff in the sum of $11,933.99 after all lawful offsets and
credits have been allowed.”

5.       “That Plaintiff, in the regular and ordinary course of its
business, maintains records and its dealings with those to whom Plaintiff
extends credit; that the records are made at or near the time of the
transaction or events recorded and the records are made by those who have
knowledge of the transactions or events recorded.”

6.       “I have care, control and custody of the records of the
Defendant’s account with Plaintiff and a true and correct copy of the records
are attached hereto, showing that Defendant is indebted to Plaintiff, in the
amount herein above stated.”

1.     Konrath’s affidavit is evidence of
liability 

Appellant argues that Konrath’s
affidavit cannot support a liability finding because—although it was attached as summary judgment
evidence—the “only explicit reference
to this affidavit in the motion for summary judgment is language citing to the
affidavit as evidence of Chase’s damages.” 
Chase’s motion for summary judgment states that the “pleading,
affidavits and exhibits filed herein show that there is no genuine issue as to
any material fact between the parties, and accordingly, Plaintiff is entitled
to judgment against Defendant as a matter of law.”  The motion specifically references Konrath’s
affidavit with regard to damages, stating that in “support of Plaintiff’s claim
for damages against Defendant in the amount of $11,933.99 and for pre-judgment
interest of 8.99% per annum thereon from August 11, 2009, until the date of
this judgment is an affidavit of a representative of Plaintiff with a statement
of account from the books and records of Plaintiff annexed thereto.” 

In support of his argument that Konrath’s
affidavit cannot be evidence of liability, appellant cites authority that (1)
affidavits attached to a petition but neither attached to a motion for summary
judgment nor incorporated by reference in the motion are not summary judgment
evidence, see Speck v. First Evangelical
Lutheran Church of Houston, 235 S.W.3d 811, 816 (Tex. App.—Houston [1st
Dist.] 2007, no pet.), and (2) even documents filed with the trial court are
not treated as summary judgment evidence if a motion or opposition does not
cite to the specific evidence relied upon in the documents, see Boeker v. Syptak, 916 S.W.2d 59, 61
(Tex. App.—Houston [1st Dist.] 1996, no writ). 
According to appellant, “[a]pplying this law in the instant case,”
establishes that “the Konrath affidavit cannot be used to establish liability.”  

We disagree with appellant and hold
that the Konrath affidavit could be considered by the trial court as evidence
of both liability and damages.  Chase
generally referenced the one-page affidavit as supporting summary judgment and
specifically referenced the contents of the affidavit with reference to
damages.  This is not a case in which
there were voluminous attachments with no specific reference to specific
evidence as it related to a particular legal argument.  Neither cases cited by appellant supports
argument that the trial court could only consider the affidavit for damages,
but not for evidence of liability.    

2.     Konrath’s affidavit is not conclusory.
  

Appellant also argues that
“Konrath’s affidavit cannot serve as a basis for summary judgment for the
additional reason that it is conclusory in that a number of conclusions rely
upon documents that were not attached.” 
Appellant acknowledges that this argument was not made in the trial
court, but urges us to either (1) hold that the failure to attach documents
rendered Konrath’s affidavit conclusory, a substantive objection he claims that
can be raised for the first time on appeal, or (2) overrule this Court’s prior
cases holding that the absence of referenced documents is a defect of form that
must be preserved in the trial court.   

In Mathis v. Bocell, 982
S.W.2d 52, 60 (Tex. App.—Houston [1st Dist.] 1998, no pet.)—a case in
which medical records that an expert relied upon were not attached to the
expert’s summary-judgment affidavit—we addressed at length the split in
authority among the courts of appeals about whether the failure to attach
exhibits to an affidavit is a defect as to form or substance, concluding it is
a waivable defect in form:       

We believe that the best way to analyze these
defects is on the basis of admissibility versus competency of evidence. A
defect is substantive if the evidence is incompetent, and it is formal if the
evidence is competent but inadmissible. See
Address by Justice Sarah B. Duncan, No–Evidence
Motions for Summary Judgment: Harmonizing Rule 166a(i) and its Comment,
21st Annual Page Keeton Products Liability and Personal Injury Law Conference
(November 20–21, 1997) 25–26. Formal defects may be waived by failure to
object, and if waived, the evidence is considered. Substantive defects are
never waived because the evidence is incompetent and cannot be considered under
any circumstances. See Address by
Justice Sarah B. Duncan at 26 (“If evidence is incompetent, it necessarily has
no probative value because it either does not relate to a controlling fact, or,
if material, does not tend to make the existence of that fact more or less
probable; therefore, there is no need to object to the erroneous introduction
of incompetent evidence either to preserve the error in its admission or to
ensure it is not treated as ‘some evidence.’”) (citing Aetna Ins. v. Klein, 160 Tex. 61, 325 S.W.2d 376 (1959)).

Id.  Under Mathis,
Konrath’s failure to attach the records upon which he relied is a defect in
form that was waived by the failure to object in the trial court.  Mathis
squarely applies and we will not revisit its holding here.  See,
e.g., Chase Home Fin., L.L.C. v. Cal
W. Reconveyance Corp., 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.]
2010, no pet.) (“Absent a decision from a higher court or this court sitting en
banc that is on point and contrary to the prior panel decision or an
intervening and material change in the statutory law, this court is bound by
the prior holding of another panel of this court.”).

Appellant alternatively asks us to
distinguish Mathis “to the extent
that the referenced documents render statements in [Konrath’s] affidavit
conclusory.”    Specifically, he
complains that the absence of the documents renders the following three
statements conclusory: (a) “Plaintiff advanced credit to the or for the
Defendant,” (b) “numerous statements of account were sent to the Defendant
showing the balance due and requesting payment,” and (c) “Defendant failed and
refused to pay the account, and is indebted to Plaintiff in the sum of
$11,933.39 after all lawful offsets and credits have been allowed.”  We disagree. 


Konrath, as vice-president of
Chase, made his affidavit on personal knowledge, as the person with control and
custody of the records of appellant’s account, and he affirmatively represents
that statements were sent to appellant, appellant refused to pay the account,
and that $11,933.99 remains due after all lawful offsets have been
allowed.  Significantly, the documents
that the affidavit references—the
contract and a document reflecting the balance owed—were attached to Chase’s petition and, as noted
above, appellant waived any complaint about the documents not being physically
attached to Konrath’s affidavit.  The “absence”
of those documents—which were
both on file with the trial court and previously served on the appellant—did not render Konrath’s affidavit
conclusory.  

Appellant next asserts that
Konrath’s affidavit inadequately “explain[s] the basis for Konrath’s knowledge
about the account,” and that the Konrath’s affidavit’s statement that all “lawful offsets and credits have been
allowed” is a legal conclusion that cannot be treated as summary judgment
evidence.  We disagree.

Konrath’s position as
vice-president of Chase and as the person with care, custody and control of the
records demonstrates a sufficient basis for his personal knowledge, absent controverting
evidence.  E.g., Requipco, Inc. v.
Am-Tex Tank & Equip., Inc., 738 S.W.2d 299, 301 (Tex. App.—Houston
[14th Dist.] 1987, writ ref’d n.r.e.) (affidavit by former president of
creditor company stating that he had personal knowledge of facts stated therein
was sufficient to show personal knowledge, “[i]n the absence of any evidence to
the contrary”); American 10-Minute Oil
Change, Inc. v. Metropolitan Nat’l Bank-Farmers Branch, 783 S.W.2d 598, 601
(Tex. App.—Dallas 1989, no pet.) (summary-judgment affidavit made on bank
vice-president’s personal knowledge, which identified the note, the principal
balance, and the interest owed after allowing for all offsets, payments and
credits was not conclusory when no controverting affidavit was presented to
raise a fact issue).  

In support of his argument that
Konrath’s reference to “lawful
offsets and credits” is “nothing more than a legal conclusion and cannot be
treated as summary judgment evidence,” appellant cites Rizkallah v. Conner, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st
Dist.] 1997, no pet.).  In Rizkallah, this Court held that statements
in a summary-judgment affidavit that the defendant was “negligent,” that the
defendant engaged in “deceptive trade practices,” and that plaintiff incurred
additional costs “because of the negligent and deceptive manner in which
defendant made the repairs” were “legal conclusions” that “cannot be considered
as support for . . . summary judgment.” 
952 S.W.2d at 587.  

The language that appellant
challenges as conclusory is found in Rule 185, which provides a prima facie
case for a suit on a sworn account may be made with an affidavit by a party,
the party’s agent, or the party’s attorney “to the effect that such claim is,
within the knowledge of affiant, just and true, that it is due, and that all
just and lawful offsets, payments and credits have been allowed.”  See Tex. R. Civ. P. 185.  An affidavit containing this “lawful offsets
and credits” language has previously been found to be “not conclusory, and . .
. sufficient to support a summary judgment motion.”  See Albright
v. Regions Bank, No. 13-08-262-CV, 2009 WL 3489853, at *4 (Tex. App.—Corpus
Christi, Oct. 29, 2009, no pet.) (mem. op.). 
Even if inclusion of the word “lawful” represented a legal conclusion
within the meaning of the Rizkallah,
an affidavit containing superfluous conclusory statements may still support
summary judgment if the remainder of the affidavit is sufficient.  Marshall
v. Sackett, 907 S.W.2d 925, 933 (Tex. App.—Houston [1st Dist.] 1995, no
writ).  This Court has previously held
that an affidavit stating that “all off-sets, credits, and charges” have been
credited is not conclusory and is sufficient to support summary judgment.  See Wilkins
& Bookman v. Monex Leasing, No. 01-96-00783-CV, 1997 WL 335735, at *2
(Tex. App.—Houston [1st Dist.] 1997, June 19, 1997, no writ) (not designated
for publication).         

 Because Konrath’s affidavit could properly be
considered by the trial court as evidence of liability, and because it is not
conclusory, we overrule appellant’s third issue.  

B.   Affirmative Defense         

In his fourth point, appellant
asserts that “[e]ven if Morales’ answer is insufficient to constitute a
verified denial of the sworn account claim or the Konrath affidavit is treated
as valid summary judgment evidence, he retained at least one defense that precluded
summary judgment.”  Specifically, appellant
claims that his statement in his amended answer that “I do not remember
receiving a notice from anyone informing me how the car in question was
disposed of . . .” suffices as an allegation that “Chase failed to give notice
of intended disposition under Tex. Bus. & Com. Code § 9.629(b).” 
Thus, appellant argues, the burden shifted to Chase to establish the
disposition was conducted property, which Chase failed to do in its summary
judgment.   

In response, Chase correctly notes
that appellant never “place[d] the issue of compliance with the UCC in
question.”  “The belief of an affiant is
insufficient to defeat a summary judgment motion.”  Trans-Continental
Fin. Corp. v. Summit Nat’l Bank, 761 S.W.2d 575, 577 (Tex. App.—Fort Worth
1988, no pet.).  “Instead, the statements
contained within the affidavit must be so direct and unequivocal that perjury
can be assigned against the affiant if the statement is false.” Id. 
Appellant’s statement that he did not remember receiving information
about disposition of the collateral, without more, is insufficient to shift the
burden to Chase to demonstrate compliance with the notice of disposition
requirement under the applicable statutes. 
We overrule appellant’s fourth issue. 


CONCLUSION

We overrule appellant’s third and
fourth issue.  In light of our
disposition of these issues, we need not reach appellant’s first and second
issue.  We affirm the trial court’s
judgment. 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.











[1]
          The Texas Supreme Court
transferred this appeal from the Court of Appeals for the Ninth District of
Texas.  Misc. Docket No. 10-9105 (Tex.
June 21, 2010); see Tex. Gov’t Code Ann. § 73.001 (Vernon 2005)
(authorizing transfer of cases).





[2]           No documents were actually attached to
this exhibit.