Ruby Lee ALLEN, Appellant,

v.

Lewis Hester ALLEN, Appellee.

No. 01–82–0011–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 28, 1982.

William C. Shead, Houston, for appellant.

Jack H. Emmott, III, Houston, for appellee.

Before PRICE, WARREN and DOYLE, JJ.

OPINION

PRICE, Justice.

This is an appeal from the entry of a divorce decree.

On January 26, 1981, the trial court, hearing this case without a jury, made an oral pronouncement from the bench of its disposition of the case. Among other things, the judgment divided the community property by awarding the appellant/wife all of the real property consisting of the home, Big

Thicket lots, and a 2.5 acre lot in Evergreen, and awarding the appellee/husband all of his retirement plan from the Teamster's Union free and clear of any claim of the wife's liabilities. In September, 1981, the record reflects that the trial judge made an entry on the docket sheet and sent a letter to both attorneys detailing his reconsideration and decision to reform the property division recited in his oral judgment. The reformed decision is embodied in a written order signed by the trial court and entered of record on October 26, 1981. It provides that the appellant receive the home and a percentage of the appellee's retirement plan, while the appellee receive the Big Thicket and Evergreen lots and a percentage of his retirement plan.

The appellant asserts in her first point of error that the trial court erred in entering its second judgment because this judgment did not specifically vacate the "final judgment" rendered in open court on January 26, 1981. Appellant argues that there can be only one final judgment and because the written order did not specifically vacate the oral judgment, it is a nullity and the oral judgment should be the recognized order.

In support of her position, appellant cites *Dunn v. Dunn,* 439 S.W.2d 830 (Tex. 1969) for the proposition that an oral rendition of judgment in the settlement of the rights of parties is a valid final judgment. We agree that such a pronouncement is a valid judgment so long as it is not set aside. However, the court has power to set aside its judgment so long as the time for filing a motion for new trial has not expired. Tex. R.Civ.Pro. 306 establishes that the date of signing of the judgment or order is the date from which the time to file a motion for new trial or to appeal is measured. Within thirty days after the date of signing, the trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform its judgment. Tex.R.Civ.Pro. 329b(d). An oral judgment does not put into motion any time constraints from which a motion for new trial is measured. Consequently, the trial court's written order setting aside its previous oral judgment was not an abuse of discretion.

Appellant insists that the second judgment, itself, must contain language which specifically vacates the earlier judgment. We disagree. It is only necessary for the record to indicate that a subsequent judgment vacates and replaces a former judgment. *Mullins v. Thomas,* 136 Tex. 215, 150 S.W.2d 83 (Tex.1941); *Tunnell v. Otis Elevator,* 404 S.W.2d 307 (Tex.1966). However, all of the cases applying this principle involve multiple written judgments, each of which had been signed and entered of record. While that is not the situation in the present case, the record does reflect, through a docket entry and letter, that the trial court intended to vacate and reform his earlier oral judgment.

The first point of error is overruled.

Appellant's second point of error alleges that the trial court abused its discretion in the rendition of its second judgment by failing to protect the appellant's contingent interest in appellee's pension plan.

The trial court prescribed a constructive trustee arrangement to assist appellant in receiving her share of the retirement benefits. The appellant maintains that this is inadequate protection of her right if the appellee decided to abscond without paying.

The role of the court of appeals in reviewing cases where property is divided in a divorce action is to determine only if there is an abuse of discretion. *McKnight v. McKnight,* 543 S.W.2d 863 (Tex.1976), and cases cited therein. This abuse must be clearly demonstrated or the discretion will not be disturbed on appeal and it will be presumed that the trial court acted properly. *Bell v. Bell,* 513 S.W.2d 20 (Tex.1974).

In the present case, there are no findings of fact or conclusions of law stating the reasons for the property division. The record is devoid of any evidence showing any abuse; therefore, we must presume that the trial judge exercised his discretion properly.

The second point of error is overruled. The judgment is affirmed.