DISSENTING OPINION



No. 04-98-00633-CV



Rebecca Ann BRAY,


Appellant



v.



William Joseph BRAY,


Appellee



From the 224th Judicial District Court, Bexar County, Texas


Trial Court No. 87-CI-23185


Honorable Carolyn H. Spears-Petersen, Judge Presiding



Opinion by: Sarah B. Duncan, Justice

Dissenting opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: June 16, 1999


 The majority holds that recoupment cannot be used as an affirmative tool to enforce a
judgment absent a claim by the judgment debtor. Because I believe Rebecca has asserted a claim
for purposes of the recoupment doctrine, I respectfully dissent.

 The majority first asserts that there is no evidence Rebecca filed a claim against William to
recover her share of the retirement benefits. However, the bankruptcy court's order lifting the stay
for the purpose of presenting the recoupment issue necessarily recognizes that Rebecca has asserted
a right or claim to retain the military benefits under the divorce decree. The parties recognized the
purpose of the bankruptcy court's order both in their briefs filed in this court and in the hearing
before the trial court. If Rebecca had not asserted a claim to the retirement benefits, the order issued
by the bankruptcy court would be meaningless.

 In my opinion, the real question before us is whether Rebecca's claim to the retirement
benefits in the bankruptcy court can be considered a "claim" for purposes of the equitable doctrine
of recoupment. I would hold that it can.

 The portion of the divorce decree dividing the military retirement benefits states:


 IT IS ORDERED AND DECREED that Rebecca Ann Bray shall have judgment
against and recover from William Joseph Bray, if, as, and when retirement is received
by William Joseph Bray, a monthly amount equal to 46 percent of that monthly
amount that a retired Staff Sergeant (E-5) with 20 years' service will receive on the
date William Joseph Bray begins to receive his retirement, together with the same
percentage of any and all cost-of-living-related increases to which William Joseph
Bray shall become entitled for the period beginning on the date of retirement and
ending on the death of William Joseph Bray. IT IS FURTHER ORDERED AND
DECREED that William Joseph Bray is designated a constructive trustee for the
benefit of Rebecca Ann Bray for the purpose of receiving the retirement, and William
Joseph Bray is ORDERED AND DECREED to directly pay the resulting product
defined above to Rebecca Ann Bray within ten days after receipt of it by William
Joseph Bray. All payments made directly to Rebecca Ann Bray by the United States
government shall be a credit against this obligation.


The decree, therefore, awards Rebecca a judgment against William that she would need to claim
against him. I recognize that Rebecca's interest in the retirement benefits is generally considered
a community property interest despite the wording of the decree, see Morris v. Morris, 894 S.W.2d
859, 863 (Tex. App.--Fort Worth 1995, no writ); however, for purposes of the equitable recoupment
doctrine, I believe that Rebecca's assertion of her right to those benefits in bankruptcy should be
treated as a claim.

 In bankruptcy, recoupment is analogized to the treatment of executory contracts which
prohibits the debtor from assuming the favorable aspects of the contract while rejecting the
unfavorable aspects of the same contract. See In re B & L Oil Co., 782 F.2d 155, 157-58 (10th Cir.
1986); In re Boyd, 96 B.R. 694, 695 (Bankr. N.D. Tex. 1989). Applying that analogy to the facts in
this case, Rebecca seeks to retain the favorable aspects of the divorce decree (her right to retirement
benefits) while rejecting the unfavorable aspects of the decree (payment of her obligations under the
decree). Perhaps the greatest irony in evaluating Rebecca's position is that she seeks to avoid a debt
to William for his payment of her portion of IRS indebtedness. Since IRS indebtedness is generally
excepted from discharge in bankruptcy, see 11 U.S.C. § 523(a)(1), Rebecca would have been unable
to avoid that debt if William had not paid it. Although the majority's contention that we are not
bound by the decisions of the federal bankruptcy courts is correct, the analogy to executory contracts
and its application to the facts of this case provide strong support for following those decisions and
permitting declaratory relief.

 Recoupment in this situation is similar to the equitable power Texas courts have to set off
mutual judgments against each other independent of statute. See Bonham State Bank v. Beadle, 907
S.W.2d 465, 468 -69 (Tex. 1995) (noting setoff of mutual judgments is appropriate judicial response
to practical difficulties encountered when parties have mutual judgments, particularly where the
insolvency of one of the parties prevents the possibility of recovery or compensation from him);
Beutel v. Dallas County Flood Control Dist., No. 1, 916 S.W.2d 685, 693 (Tex. App.--Waco 1996,
writ denied). Given the circumstances of this case, I would hold that Rebecca's assertion of a right
to retain the retirement benefits in the bankruptcy proceeding should be treated as a claim for
purposes of the recoupment doctrine.

 Finally, the majority asserts that the trial court's recoupment order went beyond mere
declaratory relief. Although I agree that the trial court's order granted affirmative relief, William
asserted an alternative claim for declaratory relief in his motion that the trial court should have
granted. I would, therefore, reverse the trial court's order and remand for the entry of an order
granting declaratory relief. Since the majority holds otherwise, I respectfully dissent.



 PHIL HARDBERGER,

 CHIEF JUSTICE


DO NOT PUBLISH