Opinion filed July 31,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00192-CV

                                                    __________

 

                               LINDA
MARIA TURNER, Appellant

 

                                                             V.

 

                                 LEWIS
ALLEN TURNER, Appellee



 

                                   On
Appeal from the 87th District Court

 

                                                             Leon
County, Texas

 

                                                   Trial
Court Cause No. D-07-151

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
issues in this appeal involve the trial court’s division of property upon
divorce, the appropriateness of the trial court’s execution of the decree of
divorce, and the amount and duration of the award of spousal maintenance.  We
find no error in connection with any of those issues other than the issue of
the duration of the award of spousal support.  We modify the judgment of the
trial court to show that the spousal maintenance is limited to a term of three
years.  Otherwise, we affirm the judgment of the trial court.

            Linda
Maria Turner and Lewis Allen Turner were married on January 1, 1961.  On March
16, 2007, Lewis filed a petition for divorce against Linda.  According to
Lewis’s testimony, Linda and Lewis had been separated “[r]oughly eighteen years”
at the time of the hearing in this case, but actually had ceased to live
together as husband and wife “[a]bout six years” prior to the hearing.  That happened
on December 10, 2003, when Linda shot Lewis.  He was involved with another
woman.  Criminal charges for aggravated assault with a deadly weapon were filed
against Linda, but a jury acquitted her of that charge.  Lewis also testified
that Linda had awakened him one night by hitting him in the head with an
electric screwdriver and choking him with a silver necklace.

            Lewis
began seeing the other woman in early 2003.  Linda had one child, Nathanial Edward
Mendez.  Nathaniel was not Lewis’s son, but Lewis raised him as his own.  Lewis
and Linda had one child together, Sammie, a daughter; Sammie was forty-five at
the time of the trial of this case.  On July 8, 2003, Lewis and Linda, in an effort
to protect their property for their children, executed a “Partition and
Exchange Agreement.”  The agreement was also entered so that Lewis and Linda
could both work the farms and a tire business that they had started some years
earlier in Splendora.  In order to effectuate the agreement, Lewis claims that
he executed deeds of certain real property to Sammie and certain real property
to Nathaniel, but asserts that the deeds should have contained a reservation of
a life estate in his favor.  Instead, the deeds provided that the property was
not to be sold during his lifetime.  Correction deeds were prepared to include
the life estate reservation.  Sammie approved the correction deed, but
Nathaniel did not.

After
Linda shot him, Lewis filed a lawsuit against her in Montgomery County.  In
that lawsuit, Lewis sought to rescind the agreement, to recover damages for Linda’s
breach of the agreement, and to recover damages for infliction of bodily injury
and intentional infliction of emotional distress.  The trial court granted all the
relief that Lewis requested.  On appeal, the Beaumont Court of Appeals, among
other things, held that, under these circumstances, Lewis could not recover
damages for breach of the agreement and also obtain a judgment for rescission. 
Turner v. Turner, No. 09-06-00570-CV, 2008 WL 2522083, at *4 (Tex. App.—Beaumont
June 26, 2008, pet. denied) (mem. op.).  The appellate court modified the trial
court’s judgment to delete the award of rescission.  Id.

            In
her first point of error, Linda asserts that the trial court erred when it
granted an unequal division of the property.  She asserts in her second point
of error that the trial court erred “when it awarded real property to Lewis
Allen Turner after he had executed the Partition and Exchange Agreement, along
with deeds, having the undivided interest of Lewis Allen Turner conveyed to the
children.”  In her third point of error, Linda claims that the trial court
erred when it set aside the Partition and Exchange Agreement.  Linda, in her
fourth point of error, maintains that the trial court erred and abused its
discretion when it awarded Linda’s separate property to Lewis.  Linda takes the
position that Lewis is, in effect, attempting to relitigate the issue of rescission. 
She claims that the final outcome in the Montgomery County lawsuit prevents
further litigation relative to the agreement in this case under the doctrine of
res judicata.  The trial court disagreed and found, in this case, that the
agreement did not address the character of the property, nor did it address all
the property.  It further found that the agreement was vague, ambiguous, and
unenforceable as to the character of the property.  The trial court also held
that the agreement did not set out the methods by which the respective interests
might be determined. The trial court went on to find that there had never been
an adjudication of the “legality nor for ambiguity, nor for characterization,
nor for disposition of the property.”  Therefore, found the trial court, the
Montgomery County case was not res judicata of the issues in this case.

            Laying
aside any issues involving rights of persons not a party to a determination of
issues involving the agreement, even if we were to agree with Linda’s position,
we do not believe that we reach that issue.  As Lewis points out in his brief,
Leon County Local Rule 4.8A, approved by the Texas Supreme Court on February
22, 2006, provides that the parties are to file proposed property division
statements in domestic relations cases related to divorce.  12th, 87th, &
278th (Tex.) Dist. Ct. Loc. R. 4.8A (Leon County) (approved in Misc. Docket No.
06-9036; available at http://www.supreme.courts.state.tx.us/miscdocket/06/06903600.pdf).
 Leon County Local Rule 4.8D, approved by the supreme court at the same time, provides
that, if a party fails to file the proposed statement, the court may adopt “as
stipulated the information filed by the complying party.  The non-complying
party will be prohibited from contesting the accuracy of the information presented
by the complying party.”  Id. Rule 4.8D.

            Lewis
filed his proposed property division statement on February 16, 2010, and a
final one on March 1, 2010.  Linda neither filed a statement of her own nor did
she object to the proposed property division statement that Lewis filed.  The
trial court refers to these provisions in its findings of fact and conclusions
of law.  Lewis’s proposed division contained property divisions, descriptions,
and values.  Under the proposal, Linda was to receive a net interest in community
property awarded to her of $473,840.94, or 48.07% of the net community estate.   Lewis
was to receive a net interest in community property awarded to him of $512,375.95,
or 51.93% of the net community estate.  Therefore, under the proposed division,
Lewis received $38,535.01, or approximately 3.86%, more in net community value
than did Linda.  He also received the separate property judgment he had against
Linda for injuries he suffered when she shot him.

            Because
Linda did not file a proposed property division statement as required by Leon
County local rules, she is prohibited from contesting the accuracy of the
proposed property division statement that Lewis filed as required.  The trial
court did not err when it entered a property division in accordance with
Lewis’s proposed property division statement unless the division was not
equitable.

            In a
divorce, a trial court need not divide the parties’ property equally, but it
must do so equitably.  Chafino v. Chafino, 228 S.W.3d 467, 473 (Tex.
App.—El Paso 2007, no pet.).  There are a variety of factors that a trial court
may consider when it makes an unequal property division.  Those factors include:
the spouses’ capabilities and abilities; benefits that the party not at fault
would have received as a result of the continuation of the marriage; business
opportunities; relative physical conditions; age disparity; size of separate
estates; the nature of the property; and disparity of earning capacity.  Id. 
 In a fault-based divorce, the trial court may also consider the conduct of the
one who is at fault.  Id.  

            We
will not correct a property division unless the trial court clearly abused its
discretion. Murff v.Murff, 615 S.W.2d 696, 700 (Tex. 1981); In re
Marriage of Taylor, 992 S.W.2d 616, 620 (Tex. App.—Texarkana 1999, no
pet.).  We examine the issue by asking whether the trial court had sufficient
information upon which it could exercise its discretion and whether the trial
court abused its discretion by making a division of the property that was
manifestly unjust or unfair.  Evans v. Evans, 14 S.W.3d 343, 346 (Tex.
App.—Houston [14th Dist.] 2000, no pet.).  Legal and factual sufficiency issues
are not independent grounds of error but, rather, are relevant factors to
consider when we determine whether a trial court has abused its discretion.  Doyle
v. Doyle, 955 S.W.2d 478, 479 (Tex. App.—Austin 1997, no pet.).

            In
our review, we presume that the trial court properly exercised its discretion when
it divided the property.  Chafino, 228 S.W.3d at 472.  The party
challenging the property division carries the burden of demonstrating that the
division was so unjust and unfair as to constitute an abuse of discretion.  Id.
at 472–73.

             The
trial court found that both parties were at fault in bringing about the
divorce.  The evidence shows that, at the time of the trial of this case, Lewis
was sixty-six years old and Linda was sixty-four years old.  Lewis continued to
suffer from the injuries he received when Linda shot him.  He testified that his
physical condition has been impaired and his ability to work has been
compromised and limited; he cannot work an eight- to ten-hour day, and there is
not much hope for recovery.  The bullet with which Linda shot Lewis has not
been removed from his body.  Lewis is on Medicare and receives $806 per month
in social security benefits.  He also receives some money from hay sales.

            Linda’s
son, Nathaniel, runs the tire business that she and Lewis originally started
and owned.  She testified that she does her son’s accounting and runs business
errands for him.  He does not pay her a regular salary, but he pays her bills
in whatever amount she needs in any particular month.  She owns the real
property upon which the tire store is situated.  The trial court awarded Linda
real property that she can use to continue farming operations.  She was to
begin receiving approximately $900 per month social security when she reached
sixty-five years of age.

            The
trial court found that Linda’s conduct in shooting Lewis was egregious and
shocked its sensibilities.  When we weigh all of the factors that we have
outlined above, we hold that, as a whole, they weigh in favor of the trial
court’s unequal division of the property.  Linda has not met her burden on
appeal to overcome the presumption that the trial court properly exercised its
discretion when it divided the property.  Chafino, 228 S.W.3d at 472.  It
was Linda’s burden to demonstrate that the division was so unjust and unfair as
to constitute an abuse of discretion, and she did not meet that burden.  Id.
at 472–73.  Points of Error Nos. One, Two, and Four are overruled, and we do
not reach Point of Error No. Three.

The
trial court pronounced its judgment at the conclusion of the hearing, but told
the parties that the written decree would be entered on April 23, 2010.  Instead,
the decree was entered by a visiting judge on April 16, 2010.  In Linda’s
brief, her attorney argues that the decree was entered without notice to him
and that he had no opportunity to object to the visiting judge.  That is the
subject of Linda’s fifth point of error, and it is predicated upon Section
74.053 of the Texas Government Code.  Tex.
Gov’t Code Ann. § 74.053 (West 2005).  Section 74.053 governs the
procedure for objecting to an assigned judge and provides that “the presiding
judge shall, if it is reasonable and practicable and if time permits, give
notice of the assignment to each attorney representing a party to the case that
is to be heard in whole or part by the assigned judge.”  Section
74.053(a)(2) (emphasis added).  Here, the case had already been heard and
decided by the presiding judge.  The case was not to be heard by the visiting
judge.  The visiting judge only performed the ministerial act of entering the
judgment previously pronounced by the presiding judge.  See Dunn v. Dunn,
439 S.W.2d 830, 832 (Tex. 1969) (“[T]he entry of a trial judgment is only a
ministerial act.”).  Therefore, the presiding judge was not required to send
notice of the assignment as the assigned judge was not to hear any portion of
the case.  We overrule Linda’s fifth point of error.     

            In
her sixth and final point of error, Linda does not argue that the trial court
erred when it ordered spousal support but, rather, argues that the trial court orally
pronounced judgment that Linda was to pay Lewis $100 per month as spousal
support, not $200 as stated in the written decree.  Further, she argues that
the support should be limited, under this record, to a period of three years.  At
the conclusion of the trial, the court pronounced judgment and ordered Linda to
pay Lewis $100 a month in spousal support.  However, the trial court made a
docket entry that Linda was to pay $200 a month in spousal support and also
entered a conclusion of law that Linda was to pay $200 a month.  Therefore, the
amount Linda was ordered to pay in the written decree does conform to the presiding
judge’s findings of fact and conclusions of law, as well as the docket entry
the presiding judge made at trial.  It was within the trial court’s plenary
power to award $200 per month despite its oral pronouncement of $100 per
month.  See Mathes v. Kelton, 569 S.W.2d 876, 877–78 (Tex. 1978); Cook
v. Cook, 888 S.W.2d 130, 131 (Tex. App.—Corpus Christi 1994, no writ).

The
trial court did not, however, orally pronounce that the payments be made for a
specific time period.  Nor did the trial court make a docket entry or enter a
finding of fact or a conclusion of law relating to the duration of the payments
or the earning capacity of Lewis.  The version of Section 8.054 of the Texas
Family Code that was in effect at the time of this divorce proceeding provided
that a court “may not order maintenance that remains in effect for more than
three years after the date of the order” unless the “spouse seeking maintenance
is unable to support himself or herself through appropriate employment because
the spouse has an incapacitating physical or mental disability.”  Former Tex. Fam. Code § 8.054(a)(1), (b)
(2005).  If the spouse has an incapacitating disability, the trial court “may
order maintenance for as long as the disability continues.”  Id. §
8.054(b).  The trial court did not order for the support to continue as long as
the disability continued.  In addition, the trial court made no pronouncement
that Lewis had an incapacitating disability, nor did the trial court enter a
finding of fact or conclusion of law that Lewis had an incapacitating
disability.  Because the trial court did not specify a term longer than
generally permitted by the Family Code in its oral pronouncement, findings of
fact, or conclusions of law; because Linda requested an additional finding of
fact regarding Lewis’s earning ability; and because the award of spousal
maintenance beyond the three-year period is not supported by the record, we hold
that the written decree should have provided that the award of spousal support
was limited to a period of three years.  See Tex. R. Civ. P. 299 (omitted findings).  The sixth point of
error is overruled in part and sustained in part.   

            We
modify the judgment of the trial court to show that the spousal support that
Linda is to pay to Lewis is limited to a term of three years.  As modified, the
judgment of the trial court is affirmed.

                                                                        

 

JIM R. WRIGHT

                                                                                                CHIEF
JUSTICE                               

 

July 31, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.