# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00457-CV

**Theodore Stillwell, Appellant**

**v.**

**Dawn D. Stillwell, Appellee**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT
## NO. 14-1651, HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this appeal arising from a suit affecting the parent-child relationship, appellant Theodore Stillwell (Father) challenges the trial court's final decree of divorce, which awards appellee Dawn Stillwell (Mother) the exclusive right to determine the primary residence of the couple's children and gives Father access to the children under an expanded standard possession order. We will affirm the trial court's decree.

## BACKGROUND

Mother and Father are the parents of two children, born in 2004 and 2007. In September 2014, Mother filed a petition for divorce in which she requested that the trial court appoint her and Father as joint managing conservators and designate her as the managing conservator with the exclusive right to designate the children's primary residence. *See* Tex. Fam. Code § 153.134 (when trial court appoints joint managing conservators, it must designate conservator who has

exclusive right to determine residence of child). In November 2014, Father filed a counterpetition for divorce that included a competing request for the exclusive right to designate the children's primary residence.

A jury trial was subsequently held on the issue of which parent should be awarded the right to determine the children's primary residence and whether that right should be subject to a geographical restriction. After the jury returned a verdict finding that Mother should have the right to determine the children's primary residence within the Dripping Springs School District, the trial court held a final hearing to determine certain terms and conditions of possession and the parental rights and duties to be exercised by each parent.

On May 4, 2017, the trial court signed a final decree of divorce that, among other things, names Mother and Father joint managing conservators; awards Mother the right to designate the primary residence of the children with a geographic restriction; gives Father the right to access the children under a standard possession order, expanded by agreement of the parties; gives Mother the exclusive right to make certain decisions regarding the children; and gives both parents the ability to supplement their periods of possession with electronic communication with the children during reasonable times without interference by the other parent. In addition, Father is ordered to pay child support, including medical child support.

Upon Father's request, the trial court issued findings of fact and conclusions of law. With respect to the conservatorship issues, the trial court found:

5.     It is in the best interest of the children that [Mother] and [Father] be appointed joint managing conservators of the children and that [Mother] have the right to designate the children's primary residence.

6.     The parents have a history of conflict in making decisions regarding extracurricular activities and elective classes, and [Mother] should have the exclusive right to make these decisions after consulting with [Father].

7.     [Father] has a history of conflict with the children's current counselors . . . and [Mother] should have the exclusive right to communicate with these counselors.

8.     The parents have a history of conflict in making decisions about and in interfering with the children's use of electronic devices provided by the other parent and a mutual injunction against such interference is appropriate.

9.     Because of difficulties in communicating with each other, the parents should communicate with each other regarding the children though The Family Wizard program.

10.     The parents should comply with the provisions of the Children's Bill of Rights.

In addition, the trial court considered a series of constitutional challenges and objections made by Father and, as a matter of law, concluded:

9.     The best interest of the child is the appropriate standard for determining periods of possession of children after divorce and there is no federal constitutional right to an equal division of time between parents and children of divorce.

Father timely filed a notice of appeal. In seven issues, Father challenges the decree's conservatorship orders: (1) designating Mother as the conservator with the right to establish the children's residence and giving Father an unequal amount of time with the children; (2) enjoining parental interference with the children's use of electronic communication with the other parent; and (3) giving Mother the exclusive right to make decisions regarding extracurricular activities and the

3

right to communicate with the children's counselors.  In addition, Father challenges the decree's

marital property division "order[ing] [him] to pay the unreimbursed medical care expenses."[1]

## ANALYSIS

*Briefing Waiver*

Because it potentially limits the scope of the issues in this appeal, we first consider

Mother's contention that all of Father's issues on appeal have been waived because they have been

inadequately briefed.

Rule 38.1 of the Texas Rules of Appellate Procedure expressly sets forth what must

be included in an appellant's brief.  In part, the Rule requires that an appellant's brief identify the

issues to be decided by the appellate court and "contain a clear and concise argument for the

contentions made, with appropriate citations to authorities and to the record."  *See* Tex. R. App.

P. 38.1(f), (i).  That is, an appellant's brief must "articulate the question to be answered" and then

"guide [the court] through the appellant's argument with clear and understandable statements of the

contentions being made." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex.

App.—Dallas 2010, no pet.).  "References to sweeping statements of general law without analysis

to the issues presented and without supporting record references do not comply with the appellate

briefing rules."  *Lynd v. State Fair of Tex.*, No. 05-10-00831-CV, 2012 WL 92980, at *2 (Tex.

App.—Dallas Jan. 11, 2012, pet. denied) (mem. op.) (citing *Bolling*, 315 S.W.3d at 896).  "An

---

[1] In his brief, Father presents what he considers to be eight separate appellate issues.  In "issue" seven, Father asserts that he "made an error on the constitutional notice form to the Attorney General, form 402.010" and "clarifies the correction here."  While we note Father's acknowledgment of his error, this "issue" does not present an error for resolution by this Court.

appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

In this case, Father's brief is comprised largely of broad statements of general legal principles, as well as broad statements as to what he believes the law should be, often in repetitive fashion. Father provides little to no substantive analysis as to how or why the recited legal principles apply to the evidence in this case. Nevertheless, we will reasonably construe Father's appellate brief, *see* Tex. R. App. P. 38.9 (briefing rules to be construed liberally), and address the merits of the issues raised by Father to the extent that we are able to discern his appellate arguments. With respect to any other raised issues below that have not been specifically identified and supported by "clear and understandable" argument, we conclude that Father has waived those issues. *See Bolling,* 315 S.W.3d at 896; *see also Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 WL 6465637, at *20 (Tex. App.—Austin Nov. 27, 2013, pet. denied) (mem. op.) (concluding that issues not specifically identified in appellate brief as issues presented and supported by argument were waived).

*Standing*

In his first issue, Father asserts that the trial court lacked jurisdiction to make any custody orders in the best interest of the children because "the children lack standing." According to Father, the trial court's conservatorship orders based on the children's best interest are advisory because "[t]here is no concrete injury to the children and no controversy between Father and the children."

5

Standing is implicit in the concept of subject-matter jurisdiction and is a constitutional prerequisite to bringing a lawsuit. *Jasek v. Texas Dep't of Family & Protective Servs.*, 348 S.W.3d 523, 527 (Tex. App.—Austin 2011, no pet.); *see Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). If the facts relevant to jurisdiction are undisputed, the jurisdictional determination is a question of law. *Jasek*, 348 S.W.3d at 528. When standing has been conferred by statute, the statute itself serves as the proper framework for a standing analysis. *In re Sullivan*, 157 S.W.3d 911, 915 (Tex. App.—Houston [14th Dist.] 2005, orig. proceeding).

The Texas Legislature has provided a comprehensive statutory framework for standing in the context of suits involving the parent-child relationship. *In re J.C.*, 399 S.W.3d 235, 238 (Tex. App.—San Antonio 2012, no pet.). Under this framework, standing to file an original petition seeking conservatorship of a child is governed by section 102.003 of the Texas Family Code, which provides that "[a]n original suit may be filed at any time by . . . a parent of the child." Tex. Fam. Code § 102.003. There is no dispute that the competing original petitions seeking conservatorship in this case were filed by Mother and Father, who are parents of the children. Consequently, the trial court had subject-matter jurisdiction over the dispute. Father's first appellate issue is overruled.

*Constitutional Claims*

In issues two, four, and eight, Father challenges the constitutionality of (1) the Family Code's use of the best-interest-of-the-child standard for deciding custody and possession issues and (2) the trial court's decree to the extent it grants Father unequal periods of possession and gives Mother the exclusive right to make certain decisions on behalf of the children. According to Father, the best-interest-of-the-child standard gives the trial court "unbridled discretion" in deciding

conservatorship issues and that in cases, such as this, where there has been no finding that one parent is unfit or that there has been abuse or neglect, a decree that awards unequal periods of possession or gives one parent the exclusive authority to make decisions based on the "the best interest of the child" necessarily violates the other parent's due-process rights.[2]

The Due Process Clause of the Fourteenth Amendment protects parents' fundamental right to make decisions concerning the care, custody, and control of their children. *See* U.S. Const. amend. XIV; *Troxel v. Granville*, 530 U.S. 57, 66 (2000); *In re M.S.*, 115 S.W.3d 534, 547-48 (Tex. 2003). Father does not cite, nor have we found, any cases holding that due process requires a trial court to award equal periods of possession in a custody dispute between parents or that due process prohibits a trial court from giving certain parental rights to one parent exclusively. Instead, in support of his argument, Father relies on a United States Supreme Court case involving grandparent access, *Troxel v. Granville*. We disagree that the Court's analysis in *Troxel* informs our decision here.

In *Troxel*, a widowed mother successfully challenged a visitation order that permitted the child's paternal grandparents access to the child for time periods that were objectionable to the

---

[2] In his third issue on appeal, Father asserts that this Court's use of the abuse-of-discretion standard is, itself, unconstitutional. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (trial court's decisions regarding conservatorship, including determination of which conservator will have right to establish child's primary residence, is reviewed for abuse of discretion); *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.) ("[A]n abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision."). Father's issues in this appeal, however, challenge the trial court's legal conclusions under undisputed facts, which we review de novo. *Bates v. Tesar*, 81 S.W.3d 411, 422 (Tex. App.—El Paso 2002, no pet.) (noting that "[a] conclusion of law can be attacked on the ground that the trial court did not properly apply the law to the facts" and that standard of review is de novo). Consequently, we need not address Father's third issue on appeal. *See* Tex. R. App. P. 47.1.

mother. *Troxel*, 530 U.S. at 60-61. Recognizing the fundamental right of parents to make decisions for their children, the Supreme Court explained that a trial court must give "special weight" to a fit parent's decision regarding the appropriate terms of visitation with third parties. *Id.* at 69. This "special weight" given to a parent's decision—in that case, with respect to visitation with grandparents—arises from the presumption that a fit parent will act in the child's best interest. *Id.* at 68. Because the trial court's application of the nonparent-visitation statute allowed the court to order visitation rights to a third party without giving deference to the parent's decision as to whether the visitation terms would be in the child's best interest, the order was unconstitutional. *Id.* at 72. We do not read *Troxel* to suggest that the State is constitutionally prohibited from "interfering" when competing possession terms are sought by two fit parents—both of whom are presumed to be acting in the best interest of the child in making their requests. Nor does the Court's opinion in *Troxel* indicate that equal periods of possession are constitutionally required in every custody dispute between fit parents or that it is unconstitutional to give one fit parent the exclusive right to make certain parental decisions, such as the use of electronic communication, participation in extracurricular activities, or the seeking of counseling.

It is the policy of this State to encourage frequent contact between a child and each parent for periods of possession that optimize the development of a close and continuing relationship between each parent and child. Tex. Fam. Code § 153.251(b). Consequently, a trial court cannot deny a conservator's right of possession and access absent a finding that the child's physical and emotional welfare would be endangered, *see Roosth v. Roosth*, 889 S.W.2d 445, 451-52 (Tex. App.—Houston [14th Dist.] 1994, writ denied), and an order restricting a parent's right to possession of or access to a child may not impose restrictions beyond those required to protect the child's best

8

interest, Tex. Fam. Code § 153.193. The Texas Family Code makes clear, however, that "joint managing conservatorship does not require the award of equal or nearly equal periods of physical possession of and access to the child to each of the joint conservators," *id*. § 153.135, nor does it require that the rights and duties of conservatorship be exercised jointly by, or awarded equally to, joint conservators, *id*. § 153.071; *see Albrecht v. Albrecht*, 974 S.W.2d 262, 265 (Tex. App.—San Antonio 1998, no pet.) ("In joint managing conservatorship, one parent is usually given slightly greater powers than the other parent."). Instead, the best interest of the child is always the primary consideration of the court in determining issues of conservatorship and access.[3] Tex. Fam. Code § 153.002.

This Court has previously rejected arguments that the best-interest-of-the-child standard is an inappropriate standard for deciding issues of conservatorship between parents and that a court order providing for unequal periods of possession between fit parents is unconstitutional. *See In re J.R.D.*, 169 S.W.3d 740, 744 (Tex. App.—Austin 2005, pet. denied) (concluding that there is no constitutional right to equal possession periods and that best-interest-of-the-child standard is appropriate to resolve custody disputes); *see Marquez v. Cantu*, No. 03-17-00795-CV, 2018 WL 3558960, at *4 (Tex. App.—Austin July 25, 2018, no pet. h.) (mem. op.) (same); *see also In re R.D.Y.*, 51 S.W.3d 314, 324 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (concluding that denial of mother's request for overnight visitation with child based on best interest of child did

---

[3] Here, Father was granted visitation rights with his children under a standard possession order with some additional agreed periods of possession. This order is presumed to be in the best interest of the child. *See* Tex. Fam. Code § 153.252 (rebuttable presumption that standard possession order "provides reasonable minimum possession of a child" and "is in the best interest of the child").

not violate due process of law or equal protection of law). Similarly, for the same reasons, we reject Father's contention that a decree granting certain rights exclusively to one fit parent is unconstitutional. *See* Tex. Fam. Code § 153.002 (providing that best interest of child "shall always be the primary consideration of the court"); *In re H.B.N.S.,* No. 14-05-00410-CV, 2007 WL 2034913, at *12 (Tex. App.—Houston [14th Dist.] July 17, 2007, pet. denied) (mem. op.) ("Texas courts have repeatedly recognized that the best interest of the child standard does not violate federal or state constitutional principles."). Father has failed to establish that the conservatorship terms in the trial court's final decree of divorce violate his Fourteenth Amendment due process rights.

We overrule issues two, three, four, and eight.

*Medical Care Expenses*

In issue five, Father asserts that the trial court erred in "order[ing] [Father] to pay unreimbursed medical care expenses after Mother admitted she failed to furnish notice according to the temporary order from November 24, 2014." According to Father, the trial court erred in deducting the unreimbursed medical expenses claimed by Mother from his portion of the divided marital estate.

At the final hearing, Mother testified that since separating from Father she had paid $30,531.75 in medical and other community expenses, some of which related to the children, without any financial contribution from Father. Mother explained that she was presenting this financial information to the court for the limited purpose of offsetting any claim that Father was making for financial reimbursement. Ultimately, the trial court did not make any finding that Father owed to Mother, or to the marital estate, any amount of money for unreimbursed expenses. To the

10

contrary, in its findings of fact and conclusions of law, the trial court found that "[a]ll claims for reimbursement made by either party were settled between the parties prior to final hearing."

Moreover, based on the trial court's findings of fact regarding the property held by the marital estate and the value of that property, the trial court's division of the marital estate resulted in an approximate split of 52% in assets to Mother and 48% in assets to Father. Nothing in the record suggests that the trial court "ordered [Father] to pay the unreimbursed medical care expenses" or that the trial court subtracted this amount from Father's portion of the divided marital estate.

Father's fifth issue on appeal is overruled.

*Motion to Modify, Correct, and Reform the Final Decree*

In his sixth issue, Father contends that the trial court erred by denying his post-judgment motion to modify, correct, and reform the final decree. Father asserts the final decree of divorce "does not conform with the rendition of the court's ruling from the reporter's record, and is missing crucial wording from the Texas Family Law Manual and the Jury Trial Rendition, and incorporated evidence that was never properly entered into the record, the Children's Bill of Rights." According to Father, the trial court should have replaced the decree with the one attached to his motion and granted a new trial.

As previously discussed, to preserve error on appeal an appellant's brief must identify the issues to be decided by the appellate court and "contain a clear and concise argument for the contentions made, with appropriate citations to authorities." Tex. R. App. P. 38.1(f), (i). Here, Father does not identify with any specificity which portion of the decree the trial court failed to modify, correct, or reform. Similarly, Father does not identify what "crucial wording" is missing, provide

11

any analysis, or cite any authority to support his contention that the trial court erred in omitting language from the Texas Family Law Manual. As a result, we conclude that Father has failed to preserve this issue for our review. *See id.*

In addition, even if Father had adequately preserved this issue for our review, we would reject Father's argument that the decree must be reformed to reflect the trial court's oral pronouncement at the final hearing. A trial court's oral pronouncements are often tentative, and a trial court is free to modify its oral pronouncement in its written decision without hearing additional evidence. *Pearson v. Pearson,* No. 03-13-00802-CV, 2016 WL 240683, at \*5 (Tex. App.—Austin Jan. 15, 2016, no pet.) (mem. op.) (citing *Cook v. Cook*, 888 S.W.2d 130, 131-32 (Tex. App.—Corpus Christi 1994, no writ)). Consequently, when an inconsistency exists between the trial court's oral pronouncement at the hearing and its subsequent written judgment, the written judgment controls. *In re K.M.B.*, 148 S.W.3d 618, 622 (Tex. App.—Houston [14th Dist.] 2004, no pet.). To the extent Father argues that the decree contains error because it deviates from the trial court's previously made oral pronouncement, this argument is without merit.

## CONCLUSION

Having overruled Father's issues on appeal, we affirm the trial court's final decree of divorce.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Field and Toth

Affirmed

Filed:   October 17, 2018

13