# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-15-00027-CV

**David De Leon, Appellant**

**v.**

**Cherie D. De Leon, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 252911, HONORABLE JACK WELDON JONES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

David De Leon appeals from a final divorce decree that ended his 25-year marriage to Cherie D. De Leon and divided the couple's marital property.[1]  Although represented by counsel below, David is pro se on appeal.[2]  His "Appellant's Brief" consists of a three-page document in which he urges (as best we can discern) that we "review and correct for the record" decree provisions awarding Cherie a share of his military retirement pay, awarding her a share of an employee stock ownership plan, disposing of firearms he claims belong to him, and requiring that he maintain her as the beneficiary of his military retirement benefits.[3]  With the sole possible exception of David's

---

[1]  There were no minor children of the marriage at the time of the decree.

[2]  Because the parties share a common surname, we will refer to them by their first names for clarity.

[3]  In response to David's "Appellant's Brief," Cherie, through counsel, moved that we dismiss David's appeal for noncompliance with the Texas Rule of Appellate Procedure's briefing requirements.  Mindful of the Texas Supreme Court's expressed preference that appellate courts

complaint about the survivor benefits, all of his issues in substance challenge or otherwise require consideration of the evidence underlying the awards in order for him to prevail. David cannot prevail on these complaints because he failed to bring forward a reporter's record, the effect of which is that we must presume the district court heard sufficient evidence of all facts on which its decree rests.[4]

Regarding the survivor benefits, David questions whether there was legal authority to require him to maintain Cherie as the beneficiary. There was such authority.[5]

---

should not dismiss appeals based on formal defects, we overruled Cherie's motion in an abundance of caution and attempted to address the substance of David's arguments as best we could. Cherie has since opted not to file an appellee's brief.

In addressing the merits, however, we are bound to apply the same standards to David as with litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

[4] *See, e.g.*, *Singh v. Federal Nat'l Mortg. Ass'n*, No. 03-14-00354-CV, 2014 Tex. App. LEXIS 13030, at *3–4 (Tex. App.—Austin Dec. 5, 2014, no pet.) (mem. op.) (because no reporter's record brought forward on appeal, appellate court must presume implied findings by trial court were supported by sufficient evidence (citing *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied))). Although David has attempted to present evidence on appeal to support his complaint about the firearms, we may not consider it. *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979).

[5] *See, e.g.*, *Morris v. Morris*, 894 S.W.2d 859, 864 (Tex. App.—Fort Worth 1995, no writ) (overruling former serviceperson's claim that court erred in prohibiting him from changing his survivor benefit beneficiary and discussing federal statute providing that "if a divorce occurs after retirement and the member of the Survivor Benefit Plan had initially elected to participate in the Survivor Benefit Plan when retiring, a court may order continued participation by the member in favor of the former spouse" (citing 10 U.S.C.A. §§ 1447, 1450(f))).

2

We affirm the decree.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: August 24, 2016